UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SINTORRI LESANE MIRANDA,

        Plaintiff,

v.

INMATE SERVICES UNIT, JULIE D. MILLS, and DAN BERGER,

        Defendants.

_____

Case No. 2:23-cv-00567-AR

**OPINION AND ORDER**

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Sintorri Lesane Miranda,[1] representing himself, is an adult in the custody of Oregon Department of Corrections (ODOC). Miranda brings this action against (1) John Doe, Inmate Services Unit; (2) Dan Berger, Oregon Youth Authority Superintendent; and (3) Julie Mills, former ODOC employee. Miranda alleges that defendants denied his wife's visitor

---

[1] In the operative complaint, plaintiff identifies himself as Sintorri Lesane Miranda and Sintorri Lesane Quinones-Miranda. (*See* Second Am. Compl. (SAC) at 1-2, ECF No. 23.) The court uses the name that appears in the caption of the SAC, Sintorri Lesane Miranda. (*See id.* at 1.)

applications in violation of his rights under the First, Eighth, and Fourteenth Amendments. Miranda brings claims under 42 U.S.C. § 1983.

Before the court is defendants' motion for summary judgment. (Defs.' Mot. Summ. J. (Defs.' Mot.), ECF No. 37.) For the reasons explained below, the court GRANTS defendants' motion for summary judgment.[2]

## BACKGROUND

The following facts are undisputed, unless otherwise noted.

On November 20, 2015, Miranda entered into the custody of Oregon Youth Authority (OYA) and was housed at MacLaren Youth Correctional Facility (MacLaren). (Decl. of Jamie Ferguson (Ferguson Decl.) ¶ 5, ECF No. 38.) When Miranda was housed at MacLaren, he met Melinda Del Rio, who was working there as a volunteer. (Resp. Exs. 2-7, ECF No. 45.) Miranda now identifies Del Rio as his wife. (Resp. at 4, citing *id.* Exs. 8-9.)

On May 22, 2020, Miranda was transferred into the custody of ODOC. (Ferguson Decl. ¶ 6.) On May 25, 2020, Del Rio submitted a Visiting Application to ODOC in which she identified herself as Miranda's wife and requested to be added to his list of approved visitors. (*Id.* Ex. 3 at 1.) At that time, Del Rio was an approved ODOC volunteer, and ODOC had no record of a marriage between her and Miranda. (Ferguson Decl. ¶¶ 20, 23.) On May 27, 2020, ODOC removed Del Rio from Miranda's approved visitor list due to her active status as an ODOC volunteer. (*Id.* ¶ 24, citing *id.* Ex. 4 at 1.) Del Rio and Miranda sought administrative review of

---

[2] The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C. § 636(c)(1). (Full Consent, ECF No. 15.)

Del Rio's visiting status, and on August 18, 2020, ODOC denied their request for administrative review. (*Id.* ¶ 25; *id.* Ex. 5 at 1-4.)

Shortly after ODOC processed Del Rio's visiting application, ODOC received an Investigation Report from OYA's Professional Standards Office (PSO) dated October 14, 2019, that "set[] forth concerns about the personal relationship that [] Del Rio developed with [] Miranda while he was an OYA youth and while she was a volunteer." (Ferguson Decl. ¶ 28; *id.* Ex. 6, Investigation Report filed under seal, ECF No. 51.) The PSO investigation substantiated concerns about Del Rio regarding "staff/youth boundaries, giving youth contraband, and providing inadequate supervision of all youth in her charge." (*Id.* at 5.) In their report, PSO cited evidence of Del Rio allowing Miranda to open a staff drawer and take candy from it, spending time with him while leaving other youth in her charge unsupervised, passing him contraband on multiple occasions, touching his unclothed chest and back, and sending him mail under a false name and with inappropriate references to sex, alcohol, and smoking. (Ferguson Decl. ¶¶ 32-33, citing *id.* Ex. 6 at 46-72.)

On October 17, 2020, Del Rio participated in a video visit with Miranda. During the video visit, both Del Rio and Miranda exposed their genitals and masturbated. (Ferguson Decl. ¶¶ 36-37.) Miranda was sanctioned by ODOC for his conduct during the video call. (*Id.* at 39-41.)

On June 7, 2021, Del Rio submitted a second Visiting Application to ODOC to be added to Miranda's approved visitor list. (Ferguson Decl. ¶ 43; *id.* Ex. 8 at 1.) Del Rio's application was denied by ODOC, and her request for administrative review was also denied by ODOC. (*Id.* ¶ 44.) Del Rio submitted a third Visiting Application on November 25, 2022, which ODOC once

Page 3 – OPINION AND ORDER
*Miranda v. Inmate Servs., et al.*, 2:23-cv-00567-AR

again denied. (*Id.* at ¶ 45.) Miranda sought administrative review of that denial, and ODOC placed his request on hold while it was "establishing criteria for eligibility." (Ferguson Decl. ¶ 47.) Del Rio submitted a final Visiting Application to ODOC on March 11, 2024, which ODOC returned because Miranda's request for administrative review was still pending. On June 10, 2024, ODOC informed Miranda that the decision to deny Del Rio's visiting application was not eligible for administrative review. (*Id.* ¶¶ 49-50.)

Miranda alleges that ODOC's denials of Del Rio's visitation applications violated his constitutional rights. (*See* SAC at 2-3.)

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates that no issue of material fact exists, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A party cannot defeat a summary judgment motion by relying on the allegations set forth in the complaint, on unsupported conjecture, or on conclusory statements. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Summary judgment thus should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In determining whether to grant summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Curley v. City of North Las Vegas*, 772 F.3d 629,

631 (9th Cir. 2014); *Hernandez*, 343 F.3d at 1112. All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). But deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a genuine issue for trial." FED R. CIV. P. 56(e). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Chong v. STL Int'l, Inc.*, 152 F. Supp. 3d 1305, 1309 (D. Or. 2016). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted).

The Ninth Circuit recognizes that courts have a duty to "ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To this end, "*pro se* pleadings are liberally construed, particularly where civil rights claims are involved." *Id.* The court does not undertake, however, to examine the record for a genuine issue of fact; to do so would be "profoundly unfair to the movant" and take "an enormous amount of time . . . away from other litigants." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."). Furthermore, the "nonmoving party may not merely state that it will discredit the moving party's evidence at trial and proceed in the hope that

something can be developed at trial in the way of evidence to support its claim." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## DISCUSSION

Defendants argue that they are entitled to summary judgment because the record does not demonstrate that Berger personally participated in or was responsible for the denial of Del Rio's visitation applications, or that Mills engaged in any alleged wrongdoing that fell within the applicable statute of limitations. The court agrees that the record lacks evidence of Berger's personal participation in the denial of Del Rio's applications and that Miranda's claims against Mills are untimely. The court finds it unnecessary to reach defendants' remaining arguments.

A.  **Section 1983 Standards**

  1.  **Personal Participation**

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) the conduct complained of deprived the plaintiff of an existing federal constitutional or statutory right; and (2) the conduct was committed by a state actor or a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A § 1983 claim also requires proof of causation, and allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Menefee v. Washington Cty. Cir. Ct.*, No. 3:20-CV-01647-AC, 2020 WL 7212564, at *1 (D. Or. Dec. 4, 2020) (citing *Leer v. Murphy*, 844 F.2d 628, 633

(9th Cir. 1988)). Thus, a plaintiff "'must plead that each government-official defendant, through the official's own individual actions, has violated the constitution.'" *Smith v. Meyer*, No. 6:21-CV-00997-IM, 2021 WL 3172921, at *3 (D. Or. July 26, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### 2. Statute of Limitations

"The applicable statute of limitations for actions brought [under] 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." *Whidbee v. Pierce County*, 857 F.3d 1019, 1022 (9th Cir. 2017) (simplified); *see Addison v. City of Baker City*, 758 F. App'x 582, 585 (9th Cir. 2018) ("the statute of limitations in a [Section] 1983 suit is the same as provided under state law for tort claims alleging personal-injury") (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Oregon has a two-year statute of limitations for personal injury actions. ORS § 12.110(1). Accordingly, a § 1983 action in Oregon must be brought within two years after the allegedly wrongful conduct.

Miranda filed his complaint on April 17, 2023. (Compl., ECF No. 2.) Therefore, any injuries that arose prior to April 17, 2021, are barred by the two-year statute of limitations. *See Whidbee*, 857 F.3d at 1022; ORS § 12.110(1).

### B. *Analysis*

Here, Miranda alleges that his constitutional rights were violated when defendants Berger and Mills "DENIED [his] visiting." (SAC at 4.) The record, however, fails to show that Berger participated in or was responsible for ODOC's decision to deny Del Rio's visitation applications. The record also lacks evidence showing that Mills was responsible for ODOC's denials of Del

Rio's applications or that she was engaged in any allegedly wrongful conduct between April 2021 and April 2023—the period of time covered by the two-year statute of limitations.

Defendants acknowledge that Berger, as superintendent of MacLaren, "shared concerns about [] Del Rio's conduct with ODOC in May 2020," but they insist that he "had no authority over ODOC's decisions about whether to approve [] Del Rio's . . . applications." (Ferguson Decl. ¶ 53.) Miranda does not dispute that Berger had no role in the decision to deny Del Rio's visitation applications. Berger is therefore entitled to summary judgment on Miranda's claims.

It is less clear whether Mills participated in ODOC's denial of Del Rio's visitation applications, but assuming that she did, there is no evidence that she engaged in any wrongful actions during the period of time covered by the applicable statute of limitations—April 2021-April 2023. Miranda cites an email that Mills sent in July 2020 to another ODOC employee regarding Del Rio's visitation application, but any § 1983 claim based on that conduct had to be filed by July 2022 to be timely, and Miranda filed his complaint in this case on April 17, 2023. *See Whidbee*, 857 F.3d at 1022; ORS § 12.110(1). Miranda's § 1983 claim against Mills is therefore barred by the statute of limitations.

In sum, Berger and Mills are entitled to summary judgment on Miranda's § 1983 claims.[3]

---

[3] The court acknowledges that Miranda filed a response in which he attempts to add additional defendants. (*See* Resp. at 5, noting that "other ODOC defendants include but are not limited to . . .".) However, defendants have not consented to Miranda amending his complaint by adding defendants, and the court has not given Miranda leave to do so. *See* FED. R. CIV. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave"). Moreover, as defendants point out, the newly-named defendants "were never served with a summons or complaint as required under [Rule] 4(e)." (Reply at 3-4, ECF No. 52.) Finally, "summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).

Page 8 – OPINION AND ORDER
*Miranda v. Inmate Servs., et al.*, 2:23-cv-00567-AR

## CONCLUSION

For the above reasons, defendants' motion for summary judgment (ECF No. 37) is GRANTED, and Miranda's claims should be dismissed with prejudice.

DATED: August 28, 2025

       /s/ Jeff Armistead
       JEFF ARMISTEAD
       United States Magistrate Judge

---

The court also acknowledges that Miranda names "John Doe, Inmate Services Unit" as a defendant in the SAC. (*Id*. at 2.) The Ninth Circuit has made it clear that "[a] plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980). Discovery in this case closed on June 11, 2024. (*See* ECF No. 36.) Thus, the court finds that the deadline has passed to name John Doe and that he should therefore be dismissed from this case. *See Bratcher v. Polk County*, No. 3:20-CV-02056-SB, 2022 WL 17184419, at *5 (D. Or. Sept. 1, 2022), *report and recommendation adopted*, 2022 WL 17178266 (D. Or. Nov. 23, 2022) (granting summary judgment as to claims brought again Doe defendants when they had not been identified or substituted at the end of discovery); *Ouma v. Clackamas County*, No. 3:12-cv-01465-HZ, 2014 WL 1874051, at *2 (D. Or. May 7, 2014) (noting that the "use of John Doe is disfavored, but allowed through the end of discovery" and dismissing claims against the Doe defendants when the plaintiff had "over a year since the filing of the case" to identify them but had not done so).